# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **LISA COOPER NETTLES**, | ) |
| | ) Case No. |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| **CANTEX, INC.**, | ) |
| | ) |
| *Defendant.* | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LISA COOPER NETTLES, by and through the undersigned counsel and sues the Defendant, CANTEX, INC., (hereinafter "Defendant" or "Cantex) and states as follows:

## PARTIES

1. LISA COOPER NETTLES, Plaintiff, (hereinafter "Plaintiff"), is a resident of the state of Florida and was at all relevant time residing in Polk County, Florida.

2. CANTEX, INC., Defendant, is a corporation and at all relevant times doing business in the State of Florida, with a physical address of 202 Progress Road, Auburndale, Polk County, Florida 33823.

3. Plaintiff was employed by the Defendant and assigned to the facility at the Auburndale, Polk County, Florida location.

## JURISDICTION AND VENUE

4. Jurisdiction is invoked pursuant to 29 U.S.C § § § 1331, 1343 1367.

5. Venue lies pursuant to 28 U.S.C. §1391(b), as Plaintiff's claims arise out of her employment relationship with the Defendant, Cantex, Inc., while employed with the facility in Auburndale, Polk

County, Florida which is located in the United States District Court for the Middle District of Florida, Tampa Division.

## GENERAL ALLEGATIONS

6.   At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7.   At all times material, the Plaintiff was qualified to perform her job duties within the expectations of her employer.

8.   Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.   Plaintiff made a charge of discrimination with the Equal Employment and Opportunity Commission ("EEOC") and the Florida Commission on Human Relations on ("FCHR") on February 27, 2019, (*see* Exhibit A).

10.   On October 17, 2019 the EEOC issued a dismissal and Notice of Rights.  A copy of the Dismissal and Notice of Rights was received by the Plaintiff, after several requests, via electronic mail on December 12, 2019 (*see* Exhibit B).  This Complaint has been filed within ninety (90) days of the receipt of the Dismissal and Notice of Rights; therefore, has met all conditions precedent to filing this Complaint.

11.   Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statues*, because more than one-hundred and eight (180) days have passed since the filing of this Charge.

**FACTUAL ALLEGATIONS**

12. On May 27, 2002, Plaintiff began her employment with the Defendant.

13. Plaintiff held various positions while employed with the Defendant, in the Molding Department, the Quality Control Department and the Shipping Department. At the end of the Plaintiff's employment, she was assigned to the Shipping Department.

14. Plaintiff's annual evaluations were satisfactory. There were no issues noted regarding her ability to perform her assigned work duties.

15. Plaintiff, while working in the plant of the Defendant, was exposed to a hostile work environment.

16. Plaintiff worked in a racial hierarchical caste system. This system reflected Whites/Caucasian employees at the top of the system, the Hispanic/Latino in the middle and the Black/African American employees at the bottom of the caste.

17. Plaintiff was routinely subjected to the term of "nigger" being used in the plant by white employees. The white employees were not subject to discipline pursuant to the company's progressive disciplinary policy despite the use of a patently offensive racial comments. The term was used openly and in the presence of plant supervisors of Caucasian descent.

18. The Defendant allowed a white employee to wear a black face costume during an entire eight (8) hour work shift. Plaintiff viewed the white employee in black face during her entire work shift. The employee, while wearing the black face, took a picture with then plant manager, John Davies. Plaintiff complained to her shift supervisor about the offensive costume.

19. This white employee also routinely wore clothing with racially offensive terms. The employee was never disciplined or terminated for any of the racially insensitive actions. Plaintiff complained to shift supervisor about the white employee wearing the offensive clothing.

20. Further, Plaintiff was subject to close monitoring of her work performance and disparate treatment by white supervisors.

21. If Plaintiff or other African American employees issued formal complaints about racial discrimination they were harshly discipline or terminated.

22. In 2008, Richard Bailey (Caucasian) became the Plaintiff's direct supervisor.

23. After Richard Bailey became her direct supervisor, he often engaged in inappropriate sexual jokes and comments around the Plaintiff. He also openly made direct requests for a sexual relationship with Plaintiff.

24. In or around 2012, Richard Bailey exposed his penis to the Plaintiff while she was in his plant office. Plaintiff did not report the incident for fear of immediate termination by the Defendant.

25. Later in 2012, Richard Bailey requested for the Plaintiff to come into his office alone. Richard Bailey purposely threw a writing pen on the floor, directly between his legs while seated at the desk, he then ordered the Plaintiff to pick the pen up between his legs. Plaintiff did not report the incident for fear of termination due to the already pervasive environment of racial discrimination.

26. Shortly thereafter, again in 2012, Richard Bailey ordered the Plaintiff into the conference room alone under the guise of finding work supplies. Richard Bailey again exposed his penis to the Plaintiff and touched her buttocks.

27. Plaintiff was then directly threatened by Richard Bailey after the incident that she would be terminated if she revealed any of his actions to the human resources department. Plaintiff did not report the incident.

28. The Plaintiff however did communicate with other female employees who also had been victims of sexual harassment by Richard Bailey. Those female employees had also failed to disclose the sexual harassment for fear of termination of their employment by the Defendant.

29.     From 2012-2018, the sexual comments regarding the Plaintiff's body and repeated requests to engage in a sexual relationship continued to occur by Richard Bailey.  Richard Bailey continued to issue threats to the Plaintiff to terminate her employment if she revealed the assault and harassment.

30.      In or around July 2018, Plaintiff made statements to an internal auditor concerning disparate treatment at the plant because of her race.

31.     Richard Bailey immediately disciplined the Plaintiff when he learned of the comments.

32.     In or around September 2018, Richard Bailey, during the work shift, made the comment "I want to lick your pussy," to the Plaintiff.

33.     Plaintiff after being subject to the threats and sexual harassment, reported Richard Bailey's current comment, assault, and the exposure of his sexual organs to the director of Human Resources, Jean James, (Caucasian).

34.     The intimidation through the reporting process continued; Richard Bailey would follow the Plaintiff to the human resources department while she was in the process of filing the complaint. Plaintiff made Jean James aware that Richard Bailey was following her to the office to the point that she was hesitant to report what was happening to her.

35.     Plaintiff was immediately suspended from work for one (1) week after she reported the incident.

36.     Plaintiff returned to work after the suspension, and thereafter had a meeting with Steve Ediger, Vice President of Cantex (Caucasian).

37.     During the meeting with Steve Ediger, which occurred on or around November 2018, the Plaintiff, other African American employees, and female employees reported past and present incidents of racial discrimination, racial intimidation and sexual harassment.

38. The Plaintiff reported the years of sexual harassment and sexual assault by Richard Bailey.

39. The Plaintiff made a very explicit report to Steve Ediger concerning the Richard Bailey's behavior towards her: exposure of his penis, touching of her buttocks, repeated requests for a sexual relationship and ongoing sexual comments about her body.

40. The Plaintiff's female co-workers, who were victims of sexual harassment by Richard Bailey, reported incidents of sexual harassment by Richard Bailey to Steve Ediger at this meeting.

41. Steve Ediger was also informed of the history and pattern of racial discrimination, intimidation, and disparate treatment that was occurring within the plant. He was informed by the Plaintiff of the hostile work environment for herself and African Americans that existed since her employment with the Defendant.

42. Steve Ediger was shown a picture of the white employee in blackface, who was still employed with the plant at that time in a supervisory position.

43. Plaintiff, after her suspension, was transferred to the shipping department after she complained about the sexual harassment. While at this new position, which was located in a different area of the plant than her previous position, Richard Bailey who is still employed with the plant, continued to present himself to the Plaintiff to intimidate her.

44. On January 2, 2019, Plaintiff without warning, was terminated by Steve Ediger, via phone for viewing a cartoon video on her personal phone while on a work break.

## COUNT I

## RACE DISCRIMINATION - 42 U.S.C. §1981

45. Plaintiff repeats and realleges the allegations as set forth in paragraphs 1 through 44 above as if set forth herein.

46. Plaintiff is a member of a protected class under 42 U.S.C. §1981.

47. By the conduct described above, the Defendant, a private employer, engaged in unlawful employment practices and discriminated against the Plaintiff because of her race.

48. Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for the Defendant and Plaintiff was compensated.

49. Plaintiff performed her contractual obligations.

50. Defendant violated Plaintiff's rights under 42 U.S.C. §1981 by disciplining and terminating her employment because of race.

51. The actions of the Defendant were intentional and deliberate.

52. The actions of the Defendant were motivated by race-based considerations.

53. As a direct and proximate result of the discriminatory actions of the Defendant, Plaintiff suffered and continues to suffer mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT II

## **TITLE VII – RACE DISCRIMINATION**

54. Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 44 above as if set forth in full herein.

55. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII).

56. Plaintiff was an employee and the Defendant was her employer covered by and within the meaning of Title VII.

57. As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

58. Defendant by the conduct mentioned above engaged in unlawful practices and discriminated against the Plaintiff because of her race.

59. Defendant's harassment, retaliation, disparate treatment and subsequent termination as described above, were based on her race.

60. Defendant treated employees Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

61. The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

62. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT III

## TITLE VII – RACE DISCRIMINATION – (RETALIATION)

63. Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 44 above as if set forth in full herein.

64. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII).

65. Plaintiff was an employee and the Defendant was her employer covered by and within the meaning of Title VII.

66. As Plaintiff's employer, Defendants had a duty to refrain from retaliation against the Plaintiff on the basis of race.

67. Defendant by the conduct described above engaged in unlawful practices and discriminated against the Plaintiff because of her race after she complained of unequal treatment and practices within the plant.

68. Defendant's unlawful retaliation and subsequent termination of Plaintiff's employment as described above, were based on her race.

69. The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

70. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT IV

## FLORIDA CIVIL RIGHTS ACT OF 1992 – (RACE)

71. Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 44 above as if set forth in full herein.

72. Plaintiff is a member of a protected class under Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

73. Plaintiff was an employee and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Statute of the FCRA.

74. As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

75. Defendant by the conduct described above engaged in unlawful practices and discriminated against the Plaintiff because of her race.

76.     Defendant's harassment, retaliation, disparate treatment and subsequent termination of her employment as described above, were based on her race.

77.     Defendant treated Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

78.     The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

79.     As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT V

## FLORIDA CIVIL RIGHTS ACT OF 1992 – (RETALIATION-RACE)

80.     Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 44 above as if set forth in full herein.

81.     Plaintiff is a member of a protected class under Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA).

82.     Plaintiff was an employee and the Defendant was her employer covered by and within the meaning of the Florida Civil Rights Statute of the FCRA.

83.     As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

84.     Plaintiff by the conduct described above, Defendant engaged in unlawful practices and retaliated against the Plaintiff because of her race.

85.     Defendant's harassment, retaliation, disparate treatment and subsequent termination as described above, were based on her race.

86. Defendant treated employees Caucasian and Hispanic employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

87. The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

88. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including but not limited to. mental anguish, physical and emotional distress, loss of income and benefits.

**COUNT VI**

**FLORIDA CIVIL RIGHTS ACT – SEX DISCRIMINATION**

89. Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 44 above as if set forth in full herein.

90. Plaintiff is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

91. Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of her sex (gender).

92. Defendant's adverse employment decisions were motivated by sex-based considerations.

93. The Defendant's actions towards plaintiff were done with malice, were intentional and willful in deliberate disregard of the rights of the Plaintiff.

94. As a direct and proximate result of Defendant's violation of the Plaintiff's rights as alleged, Plaintiff's terms, conditions and privileges of employment were adversely affected.

95. As a direct and proximate result of Defendant's wrongful acts Plaintiff has suffered damages and continues to suffer damages including, but not limited to loss of earnings, loss of career opportunities, loss of benefits, mental anguish, and emotional distress.

## COUNT VII

## **FLORIDA CIVIL RIGHTS ACT – (RETALIATION - SEX)**

96. Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 44 above as if set forth in full herein.

97. Plaintiff is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

98. Defendant engaged in unlawful employment practices and retaliated against Plaintiff because of her sex (gender) after she complained of sexual harassment and sexual assault.

99. Defendant's adverse employment decisions to suspend and then terminate the Plaintiff's employment were retaliatory actions motivated by sex-based considerations.

100. The Defendant's actions towards plaintiff were done with malice, were intentional and willful in deliberate disregard of the rights of the Plaintiff.

101. As a direct and proximate result of Defendant's violation of the Plaintiff's rights as alleged, Plaintiff's terms, conditions and privileges of employment were adversely affected.

102. As a direct and proximate result of Defendant's wrongful acts Plaintiff has suffered damages and continues to suffer damages including, but not limited to loss of earnings, loss of career opportunities, loss of benefits, mental anguish, and emotional distress.

## **RELIEF REQUESTED**

1. WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant on each of her respective claims, and:

    a. Order that the Defendant implement effective steps to eliminate race and sex discrimination in the workplace;

    b. Award the Plaintiff back pay and benefits;

c.  Prejudgment interest on back pay and benefits;

d.  Front pay and benefits;

e.  Compensatory damages for mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

f.  Punitive damages;

g.  Attorneys' fees and costs;

h.  Award Plaintiff all other relief as the Court deems appropriate.

Date: February 4, 2020						By: /s/Octavia Brown
									Trial Counsel for Plaintiff
									Octavia Brown
									Florida Bar Number: 0011778

									Community Law, PLLC
									3104 N. Armenia Avenue, STE 2
									Tampa, Florida 33607
									Octavia.brown@community-lawyer.com
									(813) 822-3522
									(863) 250-8228